IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-03330-PAB

CLARENDON NATIONAL INSURANCE COMPANY, as successor by way of merger
with Sussex Insurance Company f/k/a Companion Property & Casualty Insurance
Company and Companion Specialty Insurance Company, an Illinois Corporation,

      Plaintiff,

v.

CLAY STREET CONDOS, LLC, a Colorado limited liability company,
ELEVATION BUILDERS, INC. d/b/a Generation Development, a Colorado Corporation,
and
CLAY/28TH CONDOMINIUM ASSOCIATION, INC., a Colorado Non-Profit Corporation,

      Defendants.

---

## ORDER TO SHOW CAUSE

---

The Court takes up this matter *sua sponte* on plaintiff's complaint [Docket No. 1].

Plaintiff states that the Court has subject matter jurisdiction over this lawsuit pursuant to

28 U.S.C. § 1332.  Docket No. 1 at 4, ¶ 15.

In every case and at every stage of the proceeding, a federal court must satisfy

itself as to its own jurisdiction, even if doing so requires *sua sponte* action.  *See*

*Citizens Concerned for Separation of Church & State v. City & County of Denver*, 628

F.2d 1289, 1297 (10th Cir. 1980).  Absent an assurance that jurisdiction exists, a court

may not proceed in a case.  *See Cunningham v. BHP Petroleum Great Britain PLC,* 427

F.3d 1238, 1245 (10th Cir. 2005).  Courts are well-advised to raise the issue of

jurisdiction on their own, regardless of parties' apparent acquiescence.  First, it is the

Court's duty to do so.  *Tuck v. United Servs. Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir.

1988).  Second, regarding subject matter jurisdiction, "the consent of the parties is irrelevant, principles of estoppel do not apply, and a party does not waive the requirement by failing to challenge jurisdiction."  *Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) (internal citations omitted).  Finally, delay in addressing the issue only compounds the problem if, despite much time and expense having been dedicated to the case, a lack of jurisdiction causes it to be dismissed.  *See U.S. Fire Ins. Co. v. Pinkard Constr. Co.*, No. 09-cv-00491-PAB-MJW, 2009 WL 2338116, at *3 (D. Colo. July 28, 2009).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter."  *Radil v. Sanborn W. Camps, Inc.*, 384 F.3d 1220, 1224 (10th Cir. 2004).  Plaintiff asserts that this Court has diversity jurisdiction under 28 U.S.C. § 1332.  Pursuant to that section, "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."  28 U.S.C. § 1332(a).  The facts presently alleged are insufficient to establish defendants' citizenship.

Plaintiff asserts, upon information and belief, that defendants are Colorado entities with their principal places of business in Denver, Colorado.  *See* Docket No. 1 at 3-4, ¶¶ 10-13.  These allegations are insufficient to establish defendants' citizenship for two reasons.  First, the Court reads plaintiff's averment "on information and belief" to mean that plaintiff does not have affirmative knowledge of the facts bearing on defendants' citizenship.  Such unsupported allegations do not confer subject matter

jurisdiction over this case. *See Yates v. Portofino Real Estate Props. Co., LLC,* No. 08-cv-00324-PAB-MJW, 2009 WL 2588833, at *3 (D. Colo. Aug. 17, 2009) (requiring plaintiff to "address the citizenship of each of [defendant's] members without resorting merely to their 'information and belief' as to the same"); *U.S. Fire Ins. Co.*, 2009 WL 2338116, at *3 (finding allegations based on "information and belief" insufficient to confer subject matter jurisdiction). Second, plaintiff has not alleged the citizenship of each of the members of defendant Clay Street Condos, LLC. Given plaintiff's averment that defendant is a limited liability company, this information is necessary to establish defendant's citizenship for purposes of diversity jurisdiction. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("[I]n determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Because plaintiff's allegations are presently insufficient to allow the Court to determine the citizenship of defendants and whether the Court has jurisdiction, *see United States ex rel. General Rock & Sand Corp. v. Chuska Dev. Corp.*, 55 F.3d 1491, 1495 (10th Cir. 1995) ("The party seeking the exercise of jurisdiction in his favor must allege in his pleading the facts essential to show jurisdiction." (internal quotation marks omitted)), it is

ORDERED that, on or before **5:00 p.m. on Wednesday, January 16, 2019**, plaintiff shall show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 7, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge