IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-03330-PAB

CLARENDON NATIONAL INSURANCE COMPANY, as successor by way of merger with Sussex Insurance Company f/k/a Companion Property & Casualty Insurance Company and Companion Specialty Insurance Company, an Illinois Corporation,

    Plaintiff,

v.

CLAY STREET CONDOS, LLC, a Colorado limited liability company,
ELEVATION BUILDERS, INC. d/b/a Generation Development, a Colorado Corporation, and
CLAY/28TH CONDOMINIUM ASSOCIATION, INC., a Colorado Non-Profit Corporation,

    Defendants.

---

## ORDER TO SHOW CAUSE

---

This matter is before the Court on Plaintiff Clarendon National Insurance Company's Response to the January 7, 2019 Order to Show Cause (Docket No. 13) [Docket No. 14] and the First Amended Complaint for Declaratory Judgment [Docket No. 16]. Plaintiff asserts that this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Docket No. 1 at 4, ¶ 15; Docket No. 14 at 4; Docket No. 16 at 4, ¶ 15.

On January 7, 2019, the Court identified two deficiencies in plaintiff's jurisdictional allegations: (1) plaintiff's allegations "on information and belief" were insufficient to establish subject matter jurisdiction; and (2) plaintiff had not alleged the citizenship of each of the members of defendant Clay Street Condos, LLC. Docket No. 13 at 2-3.

On January 16, 2019, plaintiff filed an amended complaint along with a response

to the Court's show cause order. *See* Docket Nos. 14, 16. As noted in plaintiff's response, the amended complaint affirmatively alleges defendants' citizenship without resorting to "information and belief." *See* Docket No. 14 at 4; Docket No. 16 at 3-4, ¶¶ 8-13. The amended complaint further states that the only member of defendant Clay Street Condos, LLC is defendant Generation Development, a "Colorado limited liability company," whose sole member is Chris Lonigro, "a resident of Colorado." Docket No. 14 at 3; Docket No. 16 at 3-4, ¶¶ 11-13.[1]

Plaintiff's amended allegations are insufficient to establish the citizenship of defendant Clay Street Condos, LLC. While plaintiff correctly traces defendant's citizenship through multiple layers of ownership, plaintiff's allegation that Chris Lonigro is "a resident of Colorado" is not relevant to the issue of diversity jurisdiction. Domicile, not residency or mailing address, is determinative of citizenship. *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity."); *see also Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("'Domicile' is not necessarily synonymous with 'residence,' and one can reside in one place but be

---

[1] Plaintiff's averment that "[d]efendant Generation . . . was a Colorado limited liability company," Docket No. 16 at 4, ¶ 13, is inconsistent with the case caption, which indicates that Generation Development is merely the operating name for Elevation Builders, Inc., a "Colorado corporation." Docket No. 1 at 1; Docket No. 16 at 1; *see also Edgley v. Lappe*, 342 F.3d 884, 889 (8th Cir. 2003) (noting that the majority of jurisdictions to have addressed the issue "hold that a 'dba' designation does not create a separate entity"); *Williams v. First Nat'l Bank of St. Louis*, 2014 WL 5800199, at *4 (E.D. Mo. Nov. 7, 2014) ("'Doing business as' means a company is using an assumed name. If Company A 'does business as' Company B, there is only one entity." (quoting Black's Law Dictionary 403 (7th ed. 1999)). While the Court assumes Generation Development is a limited liability company for purposes of this order, plaintiff should clarify the inconsistency in its response.

domiciled in another." (citations omitted)).  The Court is therefore unable to determine the citizenship of defendants Generation Development and Clay Street Condos, LLC.[2]  Wherefore, it is

**ORDERED** that, on or before **5:00 p.m. on Wednesday, January 30, 2019**, plaintiff shall show cause why this case not be dismissed due to the Court's lack of subject matter jurisdiction.

DATED January 23, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

[2]As indicated in footnote 1, it is not clear whether plaintiff is treating Generation Development as a separate entity in this case.