IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 18-cv-03330-PAB

CLARENDON NATIONAL INSURANCE COMPANY, as successor by way of merger with Sussex Insurance Company f/k/a Companion Property & Casualty Insurance Company and Companion Specialty Insurance Company, an Illinois Corporation,

    Plaintiff,

v.

CLAY STREET CONDOS, LLC, a Colorado limited liability company,
ELEVATION BUILDERS, INC., a Colorado corporation,
ELEVATION BUILDERS, INC. d/b/a Generation Development, a Colorado Corporation, and
CLAY/28TH CONDOMINIUM ASSOCIATION, INC., a Colorado Non-Profit Corporation,

    Defendants.

## ORDER

This matter comes before the Court on Plaintiff Clarendon National Insurance Company's Response to the January 23, 2019 Order to Show Cause (Docket No. 17) [Docket No. 18] and Motion for Leave to File Second Amended Complaint [Docket No. 19].

Plaintiff filed this lawsuit on December 27, 2018 seeking a declaratory judgment that plaintiff has no duty to indemnify defendants under the terms of the parties' insurance policy. Docket No. 1. On January 7, 2019, the Court ordered plaintiff to show cause why this case should not be dismissed due to the Court's lack of subject matter jurisdiction. Docket No. 13. The Court noted that plaintiff's allegations "on information and belief" were insufficient to establish subject matter jurisdiction. *Id.* at 2-

3. Additionally, the Court found that it was unable to determine the citizenship of defendant Clay Street Condos, LLC ("CSC") because plaintiff had failed to identify all of CSC's members or the citizenship of those members. *Id.* at 3.

On January 16, 2019, plaintiff filed a timely response to the Court's show cause order [Docket No. 14] and an amended complaint [Docket No. 16]. On January 23, 2019, the Court entered a second show cause order stating that plaintiff's amended allegations were insufficient to establish the citizenship of CSC. Docket No. 17. Specifically, the Court found that plaintiff had not alleged the domicile of Chris Lonigro, the only member of CSC's sole member, Generation Development LLC. *Id.* at 1-2. On January 30, 2019, plaintiff filed a response to the Court's second show cause order [Docket No. 18] as well as a motion for leave to file a second amended complaint [Docket No. 19]. Plaintiff's proposed second amended complaint aims to cure the pleading deficiencies identified in the Court's January 23 show cause order by affirmatively alleging that Mr. Lonigro is a citizen of Colorado. *See* Docket No. 19-1 at 5, ¶ 11.[1]

The Court has not yet entered a Scheduling Order setting a deadline for the amendment of pleadings. Accordingly, the determination of whether to grant plaintiff's motion to amend is governed exclusively by Federal Rule of Civil Procedure 15(a), which provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2); *see, e.g.*, *Fernandez v. Bridgestone/Firestone, Inc.*,

---

[1]The proposed amended complaint also clarifies that "Elevation Builders, Inc., dba Generation Development" and "Elevation Builders, Inc." are named as separate defendants in this case. Docket No. 19 at 2-3, ¶ 4; Docket No. 19-1 at 5, ¶ 13.

105 F. Supp. 2d 1194, 1195 (D. Colo. 2000) (finding that plaintiff's motion to amend was "governed solely by Fed. R. Civ. P. 15(a)" because it was filed prior to the deadline for amendment of pleadings). Denying leave to amend is generally only permissible "upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Plaintiff's motion to amend does not raise any of these concerns. This case is in its very early stages. If defendants have been served, they have not yet entered appearances. Moreover, plaintiff seeks to amend its complaint to cure deficiencies identified in the Court's second show cause order, which was entered after the filing of plaintiff's first amended complaint. There is no basis for a finding of bad faith, dilatory motive, or failure to cure deficiencies by prior amendment. Finally, because plaintiff's proposed amended allegations are sufficient to establish subject matter jurisdiction in this case, amendment is not futile. The Court will therefore grant plaintiff leave to file a second amended complaint. In addition, because the Court is satisfied that there is federal jurisdiction over this case pursuant to 28 U.S.C. § 1332, the Court's January 23 order to show cause will be discharged.[2] Wherefore, it is

**ORDERED** that Plaintiff Clarendon National Insurance Company's Motion for Leave to File Second Amended Complaint [Docket No. 19] is **GRANTED**. It is further

**ORDERED** that the Order to Show Cause [Docket No. 17] is hereby discharged. It is further

---

[2]Because the order to show cause is discharged, the Court need not determine whether plaintiff is entitled to limited jurisdictional discovery. *See* Docket No. 18 at 3.

**ORDERED** that, within three days of this order, plaintiff shall file a non-redlined version of the second amended complaint [Docket No. 19-1].

DATED February 5, 2019.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge